A. H. CHILDS ET AL. *v.* THE LITTLE MIAMI RAILROAD CO.

In an action against a common carrier for goods lost during transit, where, instead of merely declaring on the contract, the plaintiff has alleged negligence on the defendant's part, which was traversed by the defendant, the burden of proof of such negligence is on the plaintiff, and mere presumption of negligence, because there was a loss, is not enough to authorize a recovery, where there is rebutting proof.

The goods were lost while on a side-track, and this was claimed to be sufficient proof of negligence; but this is too remote. The maxim *causa proxima non remota spectatur* applies to this as to other contracts.

Action to recover the value of twenty-one bales of cotton, laid at $4,250, shipped in January, 1866, at Cincinnati, by the plaintiffs, on the defendant's line, for Allegheny City, Pennsylvania. The cotton was put on an express train at Cincinnati, which, when it reached Xenia, Ohio, at about 8 o'clock P. M., was shifted onto a side-track. While there, in some way, the cotton took fire, and was consumed. The bill of lading contained several exemptions from losses, and the petition alleged that this loss was not among them, but was caused by the negligence and improper conduct of the defendant.

The defendant denied that the loss was not among these exemptions of the bill of lading, and also all negligence or improper conduct.

On the trial it appeared that the cotton was left in the cars, on the side-track, at Xenia, some four or five hundred yards from the depot, for the purpose of allowing a train of live stock, which had the preference, to go forward, and that no cause could be, with certainty, assigned for the fire. It was in evidence that the defendant had a watchman, who was engaged, together with other duties, in taking care of the fires at the depot. About midnight, as he was standing at a switch, the engineer of a train he was letting pass by, informed him that the cotton was on fire. He had examined the cotton cars about half an hour before, and found no appearance of fire. He, with others,

attempted, without success, with axes and buckets of water, to put out the fire, and the alarm was given to the fire companies of Xenia. It was shown by the evidence that the railroad employes and the fire department were not on good terms; that all the engines but one turned back without coming to the fire, and that one, at first, was without hose. In addition to this, it was a very cold night, and great difficulty was experienced in obtaining water, and the result was the loss of the greater part of the cotton, some by being burned in the cars, and a large portion destroyed by another train passing the spot, after it had been saved from the burning freight cars. It was in evidence that it was a matter of convenience to the railroad company to take the cotton to Xenia, where trains were made up, in addition to the regular trains, which were alleged to be insufficient to do the whole business of the road, rather than to allow it to remain in the depot at Cincinnati.

These facts were the substance of the finding of the judge at Special Term, before whom it was tried on submission, and thereon he rendered judgment against the railroad company for the value of the cotton rolled out of the cars and afterward destroyed by the negligence of the defendant, computing it at one-third the whole value, and judgment in favor of the defendant for the remainder. To this judgment the plaintiffs took exception, and the case came up on error to the General Term.

*Hoadly & Johnson*, for plaintiffs.

*Matthews & Ramsey*, contra.

HAGANS, J. We have no disposition to disturb the conclusions of fact arrived at by the judge at Special Term.

In looking into the bill of lading we find several special contracts as to exemption from liability from loss, all of which it is admitted are within the cases found in our Supreme Court Reports. *Davidson* v. *Graham*, 2 Ohio St. 131; *Graham* v. *Davis*, 4 Ohio St. 362.

It is not, we think, seriously contended that there remains anything in the case but the question of negligence. The plaintiffs allege negligence in the petition. They might have been content to aver the receipt and non-delivery of the goods according to the contract, thus leaving to the defendant the burden of pleading and proving due care and no loss within the contract as an excuse for the non-performance of its requirements. If the pleadings presented themselves thus, there could be no question about the burden of proof. As they stand, however, it is claimed that, from the frame of the pleadings of the plaintiffs, they have assumed the burden of proof, and that they must make out their case by the preponderance of testimony.

The plaintiffs could not have recovered except on the contract, which contains these stipulations of exemption from liability. Suppose the plaintiffs had declared on the non-delivery of the goods, and the defendants had answered that the loss was within one of the exceptions of the bill of lading. Then the plaintiffs, unless they contested the averment of the answer, would have replied substantially in the allegations of the petition. And this, it seems to us, would have thrown the burden of proof upon them. In *Railroad Co.* v. *Reeves*, 10 Wall. 176, where the common carrier showed the loss was from the *vis major*, it was held that he was excused without proving affirmatively that he was guilty of no negligence, and the proof of negligence, if asserted to exist, rests on the other party. "What is to make him liable?" asks the court, in that case, after proof of loss by *vis major*. "No question of his negligence arises, unless it is made by the other party. If, after he has excused himself, by showing the presence of the overpowering cause, it is charged that his negligence contributed to the loss, the proof of this must come from those who assert or rely on it." If the plaintiffs had gone to trial on the averments of the supposed answer, then the burden of proof would clearly have been on the defendant. That was so held in *Davidson* v. *Graham*.

Now, we think the burden of proof was on the plaintiff, and, in looking into the testimony, we are not prepared to 'say the judge below erred in his finding. It was not enough to presume that the cotton took fire from some negligence, such as a spark from a passing locomotive falling on it through an opening in the car, which is the theory of the plaintiffs, without some satisfactory proof on the subject. *Non constat* but that it may have been by spontaneous combustion, which no human care could guard against, and which the tightest cars could not prevent. There was no proof on the subject whatever. It was claimed that there was a "deviation," so to speak, in delaying the cars on the side-tracks; but this is too remote. *Causa proxima non remota spectatur* is a maxim which applies to this as to other contracts. *Morrison* v. *Davis*, 20 Pa. St. 171; *Dewey* v. *New York Central Railroad*, 13 Gray, 481.

The mere presumption of negligence where a loss has occurred, which is rebutted by testimony, such as we find in this case, is not strong enough to authorize a recovery. Nor do we think there is sufficient evidence to warrant the statement that the defendant ought to have refused taking the cotton on the ground of insufficiency of transportation; nor that the defendant is liable because the loss occurred while the cotton was not in transit, according to an exception of such a loss in the bill of lading.

The judgment will be affirmed.